Garrido v. Money Store

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
        RALPH K. WINTER,
        DENNIS JACOBS,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
LINDA U. GARRIDO and JOHN GARRIDO, on
behalf of themselves and all others
similarly situated,
        <u>Plaintiffs-Appellants</u>,

RUTH ANN GUTIERREZ and LORI JO
VINCENT, on behalf of themselves and
all others similarly situated,
        <u>Plaintiffs</u>,

        -v.-                                    15-1891

THE MONEY STORE, TMS MORTGAGE, INC.,
HOMEQ SERVICING CORP.,
        <u>Defendants-Appellees</u>,

**MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP, OCWEN LOAN SERVICING, LLC, WELLS FARGO BANK, N.A., BARCLAYS CAPITAL REAL ESTATE, INC., JOHN DOE CORPORATIONS 1-3, as successors in interest to The Money Store, TMS Mortgage, Inc. and HomEq Servicing Corp.,**
          **Defendants.**[*]
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**                    Paul S. Grobman, The Law Offices of Paul Grobman, New York, New York.

**FOR APPELLEES:**                    Daniel A. Pollack, Edward T. McDermott, Anthony Zaccaria, Minji Kim, McCarter & English, LLP, New York, New York.

     Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, <u>J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

     Linda and John Garrido (the "Garridos") appeal the February 2, 2015, denial of their motion for class certification under Fed. R. Civ. P. 23(b)(3), which merged into the judgment of the United States District Court for the Southern District of New York (Koeltl, <u>J.</u>).  The judgment dismissed with prejudice the Garridos' claims against defendants-appellees (the "Money Store Defendants").[1]  The Garridos allege common-law fraud in

_____

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

[1] The Garridos and Money Store Defendants stipulated to dismissal of the Garridos' claims with prejudice and to entry of final judgment, and agreed that the Garridos would retain appellate rights limited solely to the denial of class certification.  We treat the so-ordered stipulation of

connection with the Money Store Defendants' debt collection practices. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Garridos sought to certify a class of all borrowers on loans owned or serviced by the Money Store Defendants who were charged attorneys' fees and expenses that the Money Store Defendants had not yet paid to their attorneys[2] (as indicated by the absence of a date in the "Check Confirmed" field of an invoice processing database used by the Money Store Defendants), from January 2001 to the present; they contend that the Money Store Defendants committed fraud by representing (falsely) to borrowers that such reimbursement was due, before making such remuneration to counsel. The district court determined that the Garridos did not satisfy the commonality requirement of Fed. R. Civ. P. 23(a)(2); the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4); or the predominance requirement of Fed. R. Civ. P. 23(b)(3). We review the denial of class certification for abuse of discretion. Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).[3] The party seeking class certification must prove by a preponderance of the evidence that each Rule 23 requirement is met. Id. (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997)).

The district court did not abuse discretion in determining the Garridos failed to prove that "the questions of law or fact common to class members predominate over any questions affecting only individual members . . . ." Fed. R. Civ. P. 23(b)(3). We therefore do not reach other issues.

---

dismissal with prejudice as a final judgment. See Fed. R. Civ. P. 54(a).

[2] The Garridos contend that loan documents required the Money Store Defendants to pay any attorneys' fees before requesting reimbursement from putative class members.

[3] Factual findings underlying the district court's decision are reviewed for clear error; articulation of the legal standards is reviewed de novo; and application of the law to the facts is reviewed for abuse of discretion. In re IPO Sec. Litig., 471 F.3d 24, 40-41 (2d Cir. 2006).

"Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." Erica P. John Fund, Inc. v. Halliburton Co., 131 S. Ct. 2179, 2184 (2011). A New York common law fraud claim requires proof of a representation of material fact, falsity, scienter, reasonable reliance, and injury. Small v. Lorillard Tobacco Co., 720 N.E.2d 892, 898 (N.Y. 1999); Stuart Silver Assocs., Inc. v. Baco Dev. Corp., 665 N.Y.S.2d 415, 417 (App. Div. 1997).

The district court did not clearly err in ruling that the Garridos failed to show that any uniform representation was made to all putative class members. The Garridos relied on testimony and documentary evidence regarding (i) paper and electronic invoices and (ii) payoff quotes. The district court found that these items were not routinely sent to class members, because invoices were sent by third parties to the Money Store Defendants, not to borrowers; and payoff quotes were prepared and sent to borrowers only when specifically requested.

Without proof of a uniform representation, the Garridos cannot use class-wide evidence to prove "the central disputed issues in a fraud action": a material representation; its falsity; and reliance. Moore v. PaineWebber, Inc., 306 F.3d 1247, 1253 (2d Cir. 2002) ("[F]raud claims based on uniform misrepresentations made to all members of the class . . . are appropriate subjects for class certification because the standardized misrepresentations may be established by generalized proof. Where there are material variations in the nature of the misrepresentations made to each member of the proposed class, however, class certification is improper because plaintiffs will need to submit proof of the statements made to each plaintiff, the nature of the varying material misrepresentations, and the reliance of each plaintiff upon those misrepresentations in order to sustain their claims."); see also Fed. R. Civ. P. 23(b)(3) advisory committee's note, 1966 amendment ("[A]lthough having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made . . . .").

The Garridos contend that (mis)representations may be presumed because members of the putative class paid the alleged fees, and "[t]he conclusion that borrowers might

4

have paid such legal fees and expenses without ever being told they were owed would . . . 'deny human nature, run counter to the traditional presumption in favor of actors operating under rational economic choice, and leave the Court with an absurd conclusion.'" Br. of Appellants 30 (quoting Chisolm v. TranSouth Fin. Corp., 194 F.R.D. 538, 561 (E.D. Va. 2000) (discussing doctrine of presumed *reliance*); see also Reply Br. 7 ("It cannot be meaningfully disputed that a party which obtains reimbursement for a purported legal fee or other expense which it never incurred commits fraud--'the fraud is in asking [a party] to pay a debt that it does not owe because the debt was never incurred by the [first party].'" (quoting United States ex rel. Westmoreland v. Amgen, Inc., 812 F. Supp. 2d 39, 67 (D. Mass. 2011) (False Claims Act))).

However, the claim is not that borrowers were fraudulently charged for attorneys' fees that the Money Store Defendants did not *incur*; the claim is that borrowers were fraudulently charged for attorneys' fees that the Money Store Defendants had not yet *paid*. It would be speculation to conclude from the fact of payment that a representation was made to all putative class members that the Money Store Defendants had already paid these fees, or even that the fees were currently "owed" pursuant to the borrowers' loan agreements. Some borrowers may have paid fees after speaking with a representative over the phone. Others may have received payoff quotes. Who knows what was or was not communicated?[4]

The Garridos cite no authority that representations of fact (as opposed to reliance on those representations) can be presumed in a common-law fraud action, and such a presumption is not reasonable under the theory of this case. Without class-wide proof of what representations were or were not made, these claims cannot be proved on a class-wide basis. Cf. In re U.S. Foodservice Inc. Pricing Litig., 729 F.3d 108, 120 (2d Cir. 2013) (holding that, where uniform representations in the form of invoices were sent to all class members, "payment may constitute circumstantial proof

---

[4] The Garridos entered only one payoff quote into evidence, so there is no evidence even that payoff quotes were prepared in a uniform manner such that putative class members who did receive them received uniform representations.

of reliance based on the reasonable inference that customers who pay the amount specified in an inflated invoice would not have done so absent the invoice's implicit representation that the invoiced amount was honestly owed").

The Garridos argue that they might be able to prove their fraud case on a class-wide basis through evidence of spoliation, and ask us to take judicial notice of a ruling in a related action, in which the district court found that the Money Store Defendants had failed to preserve their invoice database system in its previously accessible form. See Mazzei v. Money Store, 308 F.R.D. 92, 100-03 (S.D.N.Y. 2015). Even if this argument were not waived for failure to raise it below, see Br. of Appellees 45-47, it does not bear on the outcome of this appeal. The Garridos do not argue that the unpreserved database contained evidence of any uniform representation; to the contrary, the database at issue appears to contain the invoices already discussed supra, which were never sent to borrowers.[5]

For the foregoing reasons, and finding no merit in the Garridos' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[5] The district court denied in Mazzei the type of trial sanctions the Garridos appear to seek here.